# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**S.C. JOHNSON & SON, INC.,**

                **Plaintiff- Appellee,**

**v.**                                  **USDC Case No. 06-C-0675**
                                               **USCA Case No. 2007-1003**

**ERIC LEE JENSEN,**

                **Defendant-Appellant.**

---

## DECISION AND ORDER

---

        The pro se defendant Eric Lee Jensen ("Jensen"), a federal prisoner incarcerated at the Coleman Federal Correctional Center in Coleman, Florida, seeks leave to appeal *in forma pauperis* in this action for declaratory judgment of patent non-infringement brought against him by plaintiff S.C. Johnson & Son, Inc. ("S.C. Johnson"). In his notice of appeal, Jensen states that he is appealing from this Court's orders denying his "Security Agreement and Self-Executing Contract," under the Uniform Commercial Code and granting S.C. Johnson's motion for default judgment which included a determination that U.S. Patent No. 5,873,193 held by Jensen, has not been and is not infringed by S.C. Johnson.

        There are three grounds for denying *in forma pauperis* status to a prisoner appellant: the prisoner has not established indigence, the appeal is in bad faith, or the prisoner has three strikes. See 28 U.S.C. §§ 1915(a)(2)-(3), (g). A district court should not apply an inappropriately high standard when making good faith determinations. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any

issue that is not frivolous, meaning that it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 [1967]); see also *Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

S.C. Johnson's motion for default judgment was granted because it established that Jensen had been served with the complaint but had not filed a timely answer. Jensen's multi-part motion for entry of judgment in his favor under the terms of the "Security Agreement and Self-Executing Contract," as well as for the costs and fees for litigating this case, and dismissal of the action with prejudice or in the alternative for removal or transfer of this matter to the United States District Court was denied in light of the Court's review of the motion, S. C. Johnson's response and any reply as well as the documents in the Court's file. Having again carefully considered the file in this matter and Jensen's notice of appeal, in light of Lee, this Court concludes that Jensen's appeal is taken in bad faith. Thus, Jensen's request to proceed *in forma pauperis* on appeal is denied and Jensen has incurred a strike.

However, Jensen has incurred the filing fee by filing the notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997), rev'd on other grounds by, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee*, 209 F.3d at 1025. The fact that this Court is denying the request to proceed *in forma pauperis* on appeal means that the full filing fee of

2

455.00 is due within 14 days of this order. *Id.*[1] Failure to pay in full within the time limits will result in a dismissal. *Newlin*, 123 F.3d at 434.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Jensen's request to proceed *in forma pauperis* on appeal is **DENIED** because this Court **CERTIFIES** that this appeal is not taken in **GOOD FAITH**. The Clerk of Court **SHALL DOCKET** a strike against Jensen.

**By Monday November 6, 2006**, Jensen shall forward to the clerk of this court the sum of $455.00 as the full filing fee in this appeal. Jensen's failure to comply with this order will result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

Copies of this order **SHALL** be sent to the warden of the institution where Jensen is confined and to United States Court of Appeals for the Federal Circuit, 717 Madison Place, N.W. Washington D.C. 20439.

Dated at Milwaukee, Wisconsin this 18th day of October, 2006.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**

---

[1]Because this order is being served on Jensen by mail, the Court has added three days to the prescribed period. *See* Fed. R. Civ. P. 6(e). The last day of the period so computed is Saturday November 4, 2006 - thus the period runs until the end of Monday November 6, 2006. *See* Fed. R. Civ. P. 6(a).

3