# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**S.C. JOHNSON & SON, INC.,**

        **Plaintiff,**

v.                           Case No. 06-C-675

**ERIC LEE JENSEN,**

        **Defendant.**

## DECISION AND ORDER

On August 22, 2006, this Court granted plaintiff S.C. Johnson & Son, Inc.'s ("S.C. Johnson") motion for default judgment and awarded fees under 35 U.S.C. § 285 based on its finding that this is an exceptional case. *See Eltech Sys. Corp. v. PPG Indus.*, *Inc.*, 903 F.3d 805, 810-11 (Fed. Cir. 1990). S.C. Johnson has submitted declarations of its counsel in support of its request for a specific sum of fees and expenses under 35 U.S.C. § 285.

In this litigation, S.C. Johnson is represented by the McCracken & Frank LLP law firm ("McCracken") of Chicago, Illinois, which performs patent related work for S.C. Johnson, and Foley & Lardner LLP ("Foley") of Milwaukee, Wisconsin, which is primary litigation counsel in this matter. Defendant Eric Lee Jensen ("Jensen") has not filed any objections within the deadline set by the Court and therefore has waived his opportunity to object to the claimed fees and expenses.

Federal Circuit law governs the Court's determination as to whether a case is "exceptional" under 35 U.S.C. § 285 such that an award of attorney fees and expenses is

authorized, and the Federal Circuit has held that its law also applies to the calculation of fees and expenses under § 285. *See Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1343 (Fed. Cir. 2001) ("the awarding of attorney fees pursuant to 35 U.S.C. § 285 is an issue unique to patent law and therefore subject to Federal Circuit law"); *Pharmacia & Upjohn Co. v. Mylan Pharm., Inc.*, 182 F.3d 1356, 1359 (Fed. Cir. 1999) ("Our precedent governs the substantive interpretation of 35 U.S.C. § 285, which is unique to patent law."). Accordingly, the Court applies Federal Circuit law but also looks to Seventh Circuit law in areas the Federal Circuit has not addressed.

Section 285 authorizes "reasonable attorney fees." The standard method for determining a reasonable fee under § 285 is the "lodestar" method that federal courts also apply under many other fee-shifting statutes. Under the lodestar method, the amount of attorney fees is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989); *Hensley v. Eckerhart*, 461 U.S. at 433. The reasonable hourly rate is usually determined by reference to the rates charged by lawyers in the same legal community with comparable skills and reputations. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The Court should then exclude from this initial fee calculation any hours that were not "reasonably expended on the litigation." *Hensley*, 461 U.S. 424, 434 (1983).

As the Supreme Court cautioned:

Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

> practice ethically is obligated to exclude such hours from his fee submission. In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

*Id*. (emphasis in original). In applying these standards, the Court may draw on its experience and judgment to eliminate unreasonable hours and charges from a fee request. *See, e.g.*, *Saxton v. Sec'y of Dept. of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).

The product of reasonable hours times a reasonable rate does not end the inquiry. The fee claimant bears the burden of substantiating the hours worked and the rate claimed. *Estate of Borst v. O'Brien*, 979 F.2d 511, 515 (7th Cir. 1992). Once the attorney has done so and submitted a lodestar, the district court may increase or decrease the amount in light of the *Hensley* factors. *See Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 742 (7th Cir. 2003). These factors include the time and labor required, the novelty and difficulty of the questions, the skill needed to perform the legal services properly, the amount involved and results obtained, the time limitations imposed by the case, and the experience, and reputation and ability of the lawyers. *See id*. at 742 n.1. The most important factor is the degree of success obtained. *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 550 (7th Cir. 1999).

A "concise but clear explanation" should accompany any modification by the district court of the submitted lodestar. *See Spellan v. Bd. of Educ. for Dist. 111*, 59 F.3d 642, 645 (7th Cir. 1995). "The court may not cut down the requested fees by an arbitrary amount just because they seem excessive." *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997). The Court should include a discussion of whether the attorney's fees

3

claimed should be reduced with respect to the litigant's unsuccessful claims. *See Spellan*, 59 F.3d at 646.

The Court begins with McCracken's fees. S.C. Johnson incurred $13,736.25 in attorney fees related to McCracken's work. (Fox Decl. ¶ 4). The attached "slip listings" indicate that .75 hours were billed by "WEM"[1] at the hourly rate of $465.00 for a total of $348.75; 12.50 hours were billed by "EMO"[2] at the hourly rate of $575.00 for a total of $7,187.50; and a total 27.50 hours at a total cost of $6,200.00 were billed by Erin J. Fox ("Fox") at the hourly rate of $205.00 for work done prior to July 25, 2006, and at the hourly rate of $235.00 after that date. (*Id.*, Ex. A.) An attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate. *See Mathur*, 317 F.3d at 743. S.C. Johnson has provided the Court with the actual rates billed by its attorneys (and paid by it). (*See* Fox. Decl. ¶ 5.) That showing has not been rebutted. Consequently, the hourly rates charged by counsel are approved.

However, given Jensen's failure to file a timely answer and S.C. Johnson's decision to seek default judgment, the preparation of a time-intensive motion for summary judgment was not reasonable. The Court has reviewed the slip listings and has excluded 5.50 hours of work done on the summary judgment motion by EMO and 17.50 hours of work done on the summary judgment motion by Fox at the hourly rate of $235.00.[3] Thus, the fees

---

[1] The Court was provided with the initials "WEM," but not WEM's name.

[2] The Court was provided with the initials "EMO," but not EMO's name.

[3] The billing records contain a July 27, 2006, entry for .50 hours which involved EMO's work on matters in addition to the summary judgment motion and a similar August 2, 2006, entry for 2.25 hours which involved Fox's work on matters in addition to the summary judgment motion. The Court has disallowed .25 hours of EMO's time and 1.25 hours of Fox's time as being reasonably attributable to work on the summary judgment motion.

4

attributable to McCracken are reduced by those amounts in the slip listings for Fox and EMO – $3,158.25 for EMO and $4,112.50 for Fox – a total of $7,270.75. Reduction of the McCracken fees ($13,736.25) by that amount ($7,270.75) results in a lodestar for McCracken of $6,465.50. Having considered the relevant factors which may cause a court to adjust a lodestar, the Court finds no reason to make any adjustment. Therefore, S.C. Johnson is awarded $6,465.50 in attorney fees for work performed by McCracken.

Also before the Court are Foley's invoices and ledger for services billed or to be billed. (Franecki Decl. ¶ 5, Ex. A.) S.C. Johnson incurred $37,339.00 in attorney fees for work done by Foley. (Franecki Decl. ¶ 6, Ex. A.) Copies of the invoices reveal that S.C. Johnson was billed for work done by Lisa Stevens Neubauer ("Neubauer") at the hourly rate of $390.00, Cynthia J. Franecki ("Franecki") at the hourly rate of $385.00 and G. Michael Halfenger ("Halfenger") at the hourly rate of $370.00, and Kadie M. Simon ("Simon") at the hourly rate of $260.00. (Franecki Decl. ¶ 5, Ex. A.) These actual hourly rates are presumably reasonable. *See Mathur*, 317 F.3d at 743. The reasonableness of such rates has not been rebutted and therefore, the hourly rates are approved.

With respect to hours expended, Foley's June 19, 2006, invoice reveals that Neubauer and Franecki devoted 3.10 hours to fact investigation and development, and 8.10 hours to the drafting of the pleadings for a total of $3,138.50 in attorney fees. Foley's July 24, 2006, invoice reveals 11.40 hours allocated to analysis and strategy and 2.30 hours allocated to case assessment, development and administration for a total of $5,298.00 in attorney fees. Foley's August 21, 2006, invoice discloses that, between July 21, and July 29, 2006, 22.20

5

hours were devoted to analysis and strategy and pleadings – much of this work related S.C. Johnson's responses to Jensen's filings. The invoices provide additional descriptions of the tasks falling within the broad invoice categories. Based on that information, the Court concludes that the hours spent on the described tasks was reasonable.

However, as with McCracken, the Court does not find that counsel could reasonably pursue a time-consuming summary judgment motion while also seeking default judgment against Jensen. Thus, time reasonably attributable to work on the summary judgment motion will not be allowed.

Specifically, on July 31, 2006, Franecki spent 7.6 hours responding to Jensen's motion to transfer and working on the motion for summary judgment. The Court allocates 2.0 hours of those hours to the summary judgment motion and disallows Franecki's fees for that work.

Foley's records also reflect that as of the date of the Franecki Declaration there were $20,644.00 in fees that had not yet been billed to S.C. Johnson. The pertinent ledger entries include work related to the summary judgment motion. Specifically, on August 1, 2006, both Franecki and Neubauer reviewed the draft summary judgment motion – two hours from the time each attorney devoted to the case that day are deducted from their time. On August 3, 2006, Neubauer devoted 3.2 hours to the case, which included work on the summary judgment motion – one hour is deducted from her time that day. On August 4, 2006, Franecki spent 1.6 hours on the case, which included review and revision of the summary judgment papers and preparation for the Monday, August 7, 2006, filings – 1.5 hours are deducted from

6

her time that day. Additionally on August 7, 2006, Franecki spent 11.2 hours on the case, which included preparing a draft order for summary judgment and a statement of undisputed facts for summary judgment, revising the summary judgment motion and brief, and attending to the service of the summary judgment related documents – 5.6 hours of Franecki's hours that day will be deducted as attributable to the summary judgment motion. Thus, 11.1 hours of Franecki's hours at her hourly rate of $285.00 ($3,163.00) and three hours of Neubauer's time at her hourly rate of $390.00 ($1,170.00) – a total of $4,333.00 in fees – are deducted from the fees for work done by Foley on the summary judgment papers. Reduction of the Foley fees ($37,339.00) by that amount ($4,333.00) results in a lodestar for Foley of $33,006.00. Having considered the relevant factors which may cause a court to adjust a lodestar and, in the exercise of its discretion, the Court makes no adjustment to the lodestar. Therefore, S.C. Johnson is awarded $33,006.00 in attorney fees for work done by Foley.

S.C. Johnson also seeks expenses which it paid McCracken and Foley. An award under 35 U.S.C. § 285 may include those sums that the prevailing party incurs "in the preparation for and the performance of legal services related to the suit," including non-taxable costs. *Mathis v. Spears*, 857 F.2d 749, 757-59 (Fed. Cir. 1988) (citation omitted). S.C. Johnson claims an expense of $6.95 which it paid to McCracken for messenger service. The claimed expense is within the scope of § 285, is reasonable, and therefore, is awarded to S.C. Johnson.

S.C. Johnson also claims $2,009.45 in expenses paid to Foley, which include, among other expenses, $1,555.07 for electronic legal research services and $350.00 for the

filing fee for the action. The expenses paid to Foley are within the scope of reasonable expenses recoverable under § 285 and appear unrelated to the summary judgment motion. But, S.C. Johnson has been awarded its $350.00 filing fee through the costs taxed by the Chief Deputy Clerk of Court on October 12, 2006. Therefore, the expenses paid to Foley minus the $350.00 filing fee – $1,659.45 are awarded to S.C. Johnson

Pursuant to 35 U.S.C. § 285, S.C. Johnson is awarded attorney fees and expenses: 1) in the amount of $6,472.45 in fees and expenses which it incurred for work done by McCracken; and 2) in the amount of $34,665.45 in fees and expenses which it incurred for work done by Foley. The total amount of attorney fees and expenses awarded to S.C. Johnson against Jensen, pursuant to 35 U.S.C. § 285, is $41,137.90.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Pursuant to 35 U.S.C. § 285, S.C. Johnson is **AWARDED** $41,137.90 in expenses and attorney fees against Jensen. Such award consists of : 1) $6,472.45 which S.C. Johnson incurred for work done by McCracken; and, 2) $34,665.45 which S.C. Johnson incurred for work done by Foley.

The Clerk of Court **SHALL** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 18th day of October, 2006.

                                                  **BY THE COURT**

                                                  s/ Rudolph T. Randa
                                                  **Hon. Rudolph T. Randa**
                                                  **Chief Judge**